BENEDETTO v. W. P. REND COLLERIES CO.

(Circuit Court of Appeals, Seventh Circuit.  May 18, 1914.)

No. 2085.

1. APPEAL AND ERROR (§ 977*)—ORDER DENYING NEW TRIAL—REVIEW—DIS-
CRETION OF COURT.
Where the trial court has considered and passed on plaintiff's alleged
errors, brought forward in a motion for a new trial and denied the mo-
tion, no error can be assigned on such order on a writ of error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–
3865;  Dec. Dig. § 977.*]

2. TRIAL (§ 110*)—EXAMINATION OF WITNESSES.
It was improper for plaintiff's counsel in the examination of witnesses
to repeat questions in substantially the same form after objections had
been sustained to them.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 271;  Dec. Dig. §
110.*]

3. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—RECEPTION OF EVIDENCE.
Error in sustaining an objection to a question propounded by plaintiff
to an expert witness was cured by the court subsequently permitting the
witness to answer substantially the same question.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4195,
4200–4204, 4206;  Dec. Dig. § 1058.*]

In Error to the District Court of the United States for the Eastern
District of Illinois;  Francis M. Wright, Judge.

Action by Gaetano Benedetto against the W. P. Rend Colleries Com-
pany.  Judgment for defendant, and plaintiff brings error.  Affirmed.

Charles B. Elder, of Chicago, Ill., for plaintiff in error.
William H. Hart, of Benton, Ill., for defendant in error.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

PER CURIAM.  This was an action at law for damages on ac-
count of personal injuries suffered by plaintiff in error in the mine of
defendant in error.  On a consideration of the evidence under the in-
structions of the court, the jury returned a general verdict in favor of
the defendant.

[1] One contention for reversal is that the trial court committed an
abuse of discretion in denying plaintiff's motion for a new trial.  It
is a familiar rule in federal practice that no error can be assigned up-
on the action of the court in overruling a motion for a new trial.  The
only qualification of this general statement is that it is not within the
discretion of the trial court to refuse to entertain and consider and
pass upon the matters urged by the defeated party as grounds for a new
trial.  Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L.
Ed. 917; Felton v. Spiro, 78 Fed. 576, 24 C. C. A. 321.  In this case the
trial court considered and passed upon the plaintiff's contention that
the jury should have found in his favor under the evidence, and there-
fore the action of the trial court in ruling upon the motion is not sub-
ject to review.  McBride v. Neal (at this term) 214 Fed. 966, 131 C.
C. A. 262.

There is no assignment that there was not sufficient evidence for the defense to justify the court in submitting the case to the jury. And on examination we find that there was sufficient evidence.

[2] Complaint is also made of the action of the court in restricting plaintiff's counsel in the examination of witnesses. On examination of the record showing counsel's persistence in repeating questions in substantially the same form after objections had been sustained, we are satisfied that the action of the trial judge was entirely proper.

[3] One serious question might be presented with respect to the ruling of the court in sustaining defendant's objection to a question propounded by plaintiff to an expert witness, if it were not for the fact that subsequently the expert was permitted to answer substantially the same question.

No exception was taken to any portion of the court's instructions to the jury. We conclude that the cause was submitted on sufficient evidence and under proper instructions, and the judgment is therefore affirmed.